IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL PULLIAM,                )
                                )
          Plaintiff,            )
                                )
     v.                         )   No. 12 C 7144
                                )
EQUIFAX CREDIT INFORMATION      )
SERVICE LLC,                    )
                                )
          Defendant.            )

MEMORANDUM ORDER

Equifax Credit Information Service LLC ("Equifax") has filed its Answer and affirmative defenses ("ADs") to the pro se Complaint brought against it by Michael Pulliam ("Pulliam"), in which he charges multiple violations of the Fair Credit Reporting Act. This brief sua sponte memorandum order is occasioned by some problematic aspects of that responsive pleading.

To begin with, Equifax's counsel has totally ignored the directive of this District Court's LR 10.1:

> Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed.

That requirement, most often complied with by quoting each paragraph of a complaint verbatim and following that quotation with a response to plaintiff's allegation, has as its obvious purpose the sparing of opposing counsel and the assigned judge from the inconvenience of having to flip back and forth between two pleadings to see what issues are and are not in dispute. Defense counsel are scarcely strangers to this District Court, so

that the LR violation is really inexcusable.

Defense counsel's next pleading error involves the use of the disclaimer permitted by Fed. R. Civ. P. ("Rule") 8(b)(5). In a number of instances (Answer ¶¶7 and 9, Count I Answer ¶¶3 and 5 and Count II Answer ¶¶14-17[1]) counsel follow a faithful adherence to that Rule with the phrase "and therefore denies them." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

Finally, the purported ADs included in the responsive pleading also leave much to be desired. Counsel would do well to pay greater heed to the concept underlying Rule 8(c) and the caselaw applying it, under which the allegations of a complaint must be accepted as gospel--see also App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). This Court will not take on the burden of providing chapter and verse in that respect, stating only that defense counsel must

---

[1] This Court is uncertain whether its references to paragraphs in Counts I and II are correct. One of the byproducts of counsel's defense noncompliance with LR 10.1 is that the responsive pleading uses the terminology (for example) "Paragraph 1 (second)" and "Paragraph 1 (third)" even though there are no paragraphs designated in that fashion in the Complaint. When counsel returns to the drawing board, that flaw is also expected to be corrected.

follow that principle and the concept of notice pleading, which in the federal system is incumbent on defendants as well as plaintiffs. Boilerplate defenses that are not sufficiently fleshed out will not be accepted, and in any event AD 1--the equivalent of a Rule 12(b)(6) motion--is just wrong and is stricken.

In sum, the entire responsive pleading discussed here is stricken, but with leave granted to file a self-contained Amended Answer on or before November 13, 2012. No charge is to be made to defendant by its counsel for the added work and expense incurred in correcting counsel's errors. Defense counsel is ordered to apprise his client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 29, 2012